UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEFFERY L BLANCHARD ET AL** | **CASE NO. 2:18-CV-01063** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PHILLIP DEAN WEBB ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING & JUDGMENT

Before the court is a Motion to Dismiss [doc. 38] filed pursuant to Federal Rule of Civil Procedure 37(b)(2) and/or 41 by defendants Ricky Moses, Oscar Lopez, and V.J. Franks. Plaintiffs Jeffery and Jordan Blanchard oppose the motion. Doc. 42.

The motion relates to plaintiffs' efforts to timely respond to discovery requests made by defendants in this civil rights action on June 13, 2022. After plaintiffs likewise failed to respond to a Motion to Compel [doc. 35] filed by defendants on August 19, 2022, the magistrate judge granted defendants' motion, ordering plaintiffs to respond to the outstanding requests for production by October 7, 2022, and deferred their request for attorney fees pending notification of plaintiffs' compliance. Doc. 37.

On October 11, 2022, defendants filed the instant motion to dismiss, asserting that plaintiffs had still failed to respond to the outstanding discovery and that the suit should be dismissed as a sanction under Rule 37 and/or for failure to prosecute and comply with a court order under Rule 41. Doc. 38. In response plaintiff's counsel (1) details his difficulties with responding to certain requests, namely relating to plaintiffs' deleted Facebook profiles

and reproducing certain videotapes made by plaintiffs; (2) pleads that the fault is his rather than his clients'; (3) admits that he "should have taken a completely different tact with these discovery responses; i.e., piecemeal response;" and (4) asserts that a lesser sanction, such as limiting plaintiffs to videos previously produced in discovery, is appropriate. Doc. 42. Defendants have made no reply and their time for doing so has passed.

Federal Rule of Civil Procedure 37(b) empowers the district court to impose a "broad range of sanctions," ranging from contempt to dismissal with prejudice, for failure to obey a discovery order. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Rule 41(b) likewise permits dismissal as a sanction for failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). Dismissal under Rule 37, however, usually requires a finding of bad faith or willful misconduct. *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985); *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). Additionally, the drastic measure of dismissal with prejudice should only be employed under Rule 37 when no lesser sanction would achieve the deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Meanwhile, "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice" under Rule 41(b). *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008).

Here, as plaintiffs suggest, the lesser sanction of preventing any usage of videos not yet produced is more appropriate to the record of counsel's conduct rather than the dismissal of the suit. Additionally, the matter of attorney fees is still pending before the magistrate judge and may likewise provide the necessary deterrent effect. Accordingly, the

court finds no justification for dismissal of the matter and **IT IS ORDERED** that the Motion to Dismiss [doc. 38] be **DENIED**.

    **THUS DONE AND SIGNED** in Chambers on the 15th day of November, 2022.

                                       JAMES D. CAIN, JR.
                             UNITED STATES DISTRICT JUDGE